UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TITUS, JR., <br><br> Plaintiff, <br><br> v. <br><br> CITY OF LA MESA, et al., <br><br> Defendants. | Case No. 13-cv-1909-W (KSC) <br><br> **ORDER DENYING DEFENDANTS' MOTION TO DISMISS [DOC. 3] AND STRIKING REQUEST FOR PUNITIVE DAMAGES AGAINST DEFENDANT CITY OF LA MESA** |

Pending before the Court is a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) filed by Defendants City of La Mesa, and Officers D. Perry and B. Wright. Plaintiff opposes.

The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the following reasons, the Court **DENIES** Defendants' motion to dismiss [Doc. 3], but **ORDERS** the request for punitive damages against Defendant City of La Mesa **STRUCK**.

I.   BACKGROUND

On May 31, 2011, an Albertson's grocery store located in La Mesa, California was robbed by an African American male wearing predominantly red clothing. (*Compl.*

[Doc. 1], ¶ 6.) On or about July 26, 2011, another Albertson's grocery store in La Mesa was robbed by an African American male wearing predominantly red clothing. (*Id.*)

La Mesa Police Detective, Defendant D. Perry, investigated the robberies. (*Compl.*, ¶ 7.) Because the robberies were committed by someone wearing predominately red clothing, Detective Perry believed the suspect was a gang member. (*Id.*) Detective Perry, therefore, sought the assistance of Defendant B. Wright, who was a La Mesa Police Department Special Enforcement Detail Officer. (*Id.*)

Officer Wright obtained photographs of African American males that lived in the La Mesa area, including the Department of Motor Vehicles photograph of Plaintiff Robert Titus, Jr. (*Compl.*, ¶ 8.) According to the Complaint, although Defendant knew that Titus was not a gang member, on August 17, 2011, Titus was arrested and charged with both robberies based on his photograph. (*Id.*, ¶ 9.) During his arrest, Defendants did not find red clothing at Titus' home. (*Id.*)

On August 16, 2013, Titus filed this lawsuit alleging equal protection and false arrest under 42 U.S.C. § 1983, and a Monell violation under 42 U.S.C. § 1983. Defendants' motion to dismiss raises three issues: (1) whether the Officer Defendants are entitled to qualified immunity because there was probable cause to arrest Titus; (2) whether Titus has stated a claim for equal protection violation; and (3) whether Titus has stated a Monell claim.

II.   **LEGAL STANDARD**

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all allegations of material fact as true and construe them in light most favorable to the nonmoving party. Cedars-Sanai Med. Ctr. v. Nat'l League of Postmasters of U.S., 497 F.3d 972, 975 (9th Cir. 2007). Material allegations, even if doubtful in fact, are assumed to be true. Bell Atl. Corp. v. Twombly,

1  550 U.S. 544, 555 (2007). However, the court need not "necessarily assume the truth
2  of legal conclusions merely because they are cast in the form of factual allegations."
3  Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) (internal
4  quotation marks omitted). In fact, the court does not need to accept any legal
5  conclusions as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

6  Generally, courts may not consider material outside the complaint when ruling
7  on a motion to dismiss. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d
8  1542, 1555 n.19 (9th Cir. 1990). However, documents specifically identified in the
9  complaint whose authenticity is not questioned by parties may also be considered.
10 Fecht v. Price Co., 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superceded by statutes on
11 other grounds). Moreover, the court may consider the full text of those documents,
12 even when the complaint quotes only selected portions. Id. It may also consider
13 material properly subject to judicial notice without converting the motion into one for
14 summary judgment. Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

## III. DISCUSSION

### A. The contents of Officer's Narrative Report are not properly subject to judicial notice.

In support of their motion, Defendants request judicial notice of a San Diego Regional Officer's Report Narrative. (*See RJN* [Doc. 3-3], ¶ 1.) The report suggests that Titus was not arrested simply because he is African American, but because a witness identified him pursuant to 6-person photo line-up. (*Id.*, Ex. 1 [Doc. 3-4] at 1.)

As stated above, on a motion to dismiss, courts may not consider material outside the complaint. Hal Roach Studios, 896 F.2d at 1555 n.19. Defendant argue, however, that because the Complaint refers to Titus' photograph, the Court may consider the report because it includes the photograph. The Court is not persuaded for two reasons.

First, the Complaint refers to a California Department of Motor Vehicles ("DMV") photograph of Titus. The document for which Defendants request judicial

1 notice is not a DMV photograph, but instead is the Officer's report with an attached six-person photo line up.  Second, "the existence and content of a police report are not properly the subject of judicial notice."  United States v. Ritchie, 342 F.3d 903, 909 (9th Cir. 2003).  Because the police report is not subject to judicial notice and is outside the four-corners of the Complaint, the Court **SUSTAINS** Titus' objection.

### B. The Complaint's allegations do not establish as a matter of law that probable cause existed to arrest Titus.

The Officer Defendants argue that they are entitled to qualified immunity because they had probable cause to arrest Titus.  "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  Pearson v. Callahan, 555 U.S. 223, 231 (2009).  "Qualified immunity balances two important interests–the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably."  Id.

In evaluating qualified immunity, the Court must evaluate two issues.  First, whether the facts show the violation of a constitutional right.  Saucier v. Katz, 533 U.S. 194, 201 (2001).  Second, whether the right was "clearly established" at the time of defendant's misconduct.  Id.  "Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right."  Pearson, 555 U.S. at 232.

"Probable cause exists when, under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime."  Blankenhorn v. City of Orange, 485 F.3d 463, 471 (9th Cir. 2007) (citing Dubner v. City & Cnty. of San Francisco, 266 F.3d 959, 966 (9th Cir. 2001)).  Probable cause to arrest is based on an objective standard.  U.S. v. Lopez, 482 F.3d 1067, 1072 (9th Cir. 2007).  Thus,

1  "[p]robable cause exists when, at the time of arrest, the agents know reasonable
2  trustworthy information sufficient to warrant a prudent person in believing that the
3  accused had committed or was committing an offense." Allen v. City of Portland, 73
4  F.3d 232, 237 (9th Cir. 1995); Aguilera v. Baca, 394 F. Supp. 2d 1203, 1214 (C.D. Cal.
5  2005) ("Probable cause exists when the facts and circumstances within the officer's
6  knowledge are sufficient to warrant a prudent person to believe that the suspect has
7  committed, is committing, or is about to commit an offense.") (internal quotations and
8  citation omitted).

9   As an initial matter, it is important to again emphasize that on a 12(b)(6)
10 motion, courts must accept the facts as alleged in the Complaint as true. Additionally,
11 for the reasons stated above, the Officer's report cannot be considered on the present
12 motion. Based on these limitations, the issue presented by Defendants' motion to
13 dismiss is essentially whether there was probable cause to arrest Titus under the
14 following circumstances: (1) he was African American; and (2) although the Defendant
15 Officers believed the suspect was in a gang, they knew Titus was not a gang member.
16 (*Compl.*, ¶¶ 9, 10.) The Court finds based on these limited facts, probable cause did not
17 exist and thus the Officer Defendants are not entitled to a finding of qualified immunity
18 at this stage in the litigation.

19   Defendants nevertheless contend that John v. City of El Monte, 515 F.3d 936
20 (9th Cir. 2008) and Peng v. Penghu, 335 F.3d 970 (9th Cir. 2003) support a finding of
21 probable cause. But in both cases, the arrests were based on witness statements that
22 identified the plaintiffs as the suspects. Here, although the Officer's report suggests that
23 Titus' arrest was based on a witness statement and identification, the Complaint does
24 not. Accordingly, neither John nor Peng assist Defendants on the instant motion.[1]
25 //
26 //
27 ──────────
28 [1] The Court also notes that John and Peng both involved summary-judgment motions, which allowed the courts to consider evidence that was properly before the courts.

C.     **Titus' remaining claims are sufficiently pled.**

Defendants contend that Titus has failed to state a claim for equal protection violation because he has not alleged a discriminatory intent. But Titus alleges that Defendants believed the suspect was a gang member (based on his clothing), knew Titus was not a gang member, yet arrested Titus based solely on the fact that he is African American. Because at this stage the Court must accepted these allegations as true, the Court finds Titus has stated an equal protection claim.

Defendants also contend that Titus failed to state a Monell claim. However, the Complaint specifically alleges that Titus' arrest was pursuant to the La Mesa Police Department's custom and policy. For purposes of evaluating a motion to dismiss, the Court finds Titus has also stated a Monell violation.

D.     **Titus has conceded that he is not entitled to punitive damages against the City.**

Defendants argue that Defendant City of La Mesa cannot be held liable for punitive damages. Titus concedes this issue in his opposition.

## IV.   CONCLUSION & ORDER

In light of the foregoing, the Court **DENIES** Defendant's motion to dismiss [Doc. 3], but **ORDERS** the request for punitive damages against Defendant City of La Mesa **STRUCK** from the Complaint.

**IT IS SO ORDERED.**

**DATE: May 13, 2014**

Hon. Thomas J. Whelan
United States District Judge